IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAQUIN CROWDER, #1931427, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil No. 3:15-CV-3353-G-BK |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div.,[1] | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, the petition should be **DENIED**.

### I. BACKGROUND

On October 10, 2012, Petitioner pled guilty to cruelty to non-livestock animals and was sentenced to 10 years' imprisonment, probated for ten years. *State v. Crowder*, No. 28445 (196th Jud. Dist. Ct, Hunt County, Oct. 10, 2012); Doc. 17-1 at 7. Petitioner did not pursue an appeal and, on March 25, 2014, the State filed a motion to revoke his community supervision. Doc. 17-2 at 3. Petitioner pled true to the allegations in the motion to revoke and, on May 12, 2014, the trial court revoked his community supervision and sentenced him to eight years' imprisonment. Doc. 16-3 at 31. The Texas Court of Criminal Appeals subsequently denied state habeas relief.

---

[1] In May 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis was "automatically substituted as a party."

*Ex parte Crowder*, No. WR-82-170-01, Doc. 16-1 at 1 (Tex. Crim. App. Oct. 8, 2014) (denial without written order).

In his federal petition, filed May 5, 2015, Petitioner alleges the plea of true to the probation violations was involuntary and the court's deadly weapon finding was improper.[2] Doc. 1 at 6. Respondent argues the second claim is time barred and both claims lack merit. Doc. 17. Petitioner has not filed a reply.

## II. ANALYSIS

### A. Claim 2 is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Since Petitioner did not pursue a direct appeal, his conviction became final on November 9, 2012 – 30 days after the October 10, 2012 judgment of conviction was entered. Doc. 17-1 at 7; *see Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005) (holding that an order of deferred adjudication probation or straight probation following a plea is a final judgment for purposes of section 2244(d)(1)(A) upon the expiration of the time for seeking direct review). The indictment, to which Petitioner pled guilty, and the

---

[2] The federal petition is deemed filed on the date on which Petitioner certifies signing and placing it in the prison mail system. *See* Doc. 1 at 10; Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

October 2012 judgment both included the deadly weapon finding about which he now complains. Thus, the one-year limitations period expired one year later, on November 9, 2013, long before the filing of the federal petition on May 5, 2015.

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, he does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Consequently, the federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

However, Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In fact, he delayed more than one and one-half years after his conviction first became final in November 2012 before he filed his state habeas application in July 2014. Doc. 16-3 at 4. Petitioner also did not promptly

file his federal petition, waiting instead seven months after the denial of his state habeas application in October 2014 before submitting this federal petition in May 2015.  Clearly these unexplained delays do not exemplify due diligence.

In addition, neither Petitioner's *pro se* status nor his lack of familiarity with the law suffices as a basis for equitable tolling.  See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d  390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling). Thus, Claim 2 fails as time barred.

### B.  Claim 1 Lacks Merit

#### 1.  Standard

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the decision of the state court is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). The deferential standard of review applies even where the state court, as in this case, summarily denied all claims. *See Richter*, 131 S. Ct. at 785 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

### 2. Involuntary Plea of true

Petitioner claims that his plea of true to the probation violations was involuntary because the trial court did not comply with the plea agreement. Doc. 1 at 6. Specifically, he claims that he "pled to a five-year [plea] deal, but received eight" years instead. *Id.* He states the trial judge just "marked thru '5' and entered in '8'" instead. *Id.*

The record refutes Petitioner's assertion. During the revocation hearing, Petitioner, while under oath, assured the Court that he understood that any sentencing recommendation by the State was not binding and that he was subject to a range of punishment up to his original sentence of 10 years' imprisonment. *See* Doc. 17-3 at 4-6 (Case No. 28062) and 8-9 (Case No. 28445). Based on this record, Petitioner's complaint is simply frivolous. *See Gutierrez v. State*, 108 S.W.3d 304, 309-310 (Tex. Crim. App. 2003) (en banc) ( "in the context of revocation proceedings, the [Texas] legislature has not authorized binding plea agreements, has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to [Code Crim. P. article] 26.13, and has not provided for withdrawal of a plea after sentencing.").

Consequently, the state court's denial of this claim was not an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence. Thus, Petitioner's first claim fails.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**SIGNED** March 24, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE